FILED - USDC - FLMD - JAX
NOV 6 2026 AM8:57

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRY VERDUIN, an individual, as owner
of USPTO Reg. No. 4,018,083 GOOPY GHOST,

Plaintiff,

v. CASE NO.: 3:26-cv-03076-JEP-LLL

MARINA J. BOWMAN, an individual,
individually and d/b/a "M.K. RADICAN",
CODE PINEAPPLE LLC, a Florida Limited
Liability Company, AMAZON.COM, INC.,
and AMAZON.COM SERVICES LLC,

Defendants.

_______________________________________/

CONSOLIDATED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECLARATORY RELIEF, AND RELATED STATE AND FEDERAL CLAIMS
[CONTEMPORANEOUSLY FILED WITH PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65 AND M.D. FLA. L.R. 3.01(e)]

COMES NOW Plaintiff TERRY VERDUIN ("Plaintiff"), individually and as sole owner of USPTO Reg. No. 4,018,083 ("GOOPY GHOST") and USPTO Reg. No. 7,103,418 ("V. R. DUIN"), Pro Se, and sues Defendants MARINA J. BOWMAN d/b/a "M.K. RADICAN," CODE PINEAPPLE LLC, AMAZON.COM, INC., and AMAZON.COM SERVICES LLC, alleging as follows:

I. JURISDICTION AND VENUE

1. Subject-Matter Jurisdiction & Venue: This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 15 U.S.C. § 1051 et seq. (Lanham Act), and 15 U.S.C. § 1116(a) (TMA 2020), with supplemental jurisdiction over

Florida state-law claims under 28 U.S.C. § 1367(a). Declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201, 2202, and Fed. R. Civ. P. 65. Venue is proper under 28 U.S.C. § 1391(b) as Plaintiff resides in this District where the core injuries, market dilution, and tortious acts accrue. 2. Parties & Personal Jurisdiction: Plaintiff Terry Verduin ("Plaintiff") resides in this District and is the sole owner of USPTO Reg. Nos. 4,018,083 (GOOPY GHOST®) and 7,103,418 (V. R. DUIN®). Defendant Marina J. Bowman ("Bowman") resides in Florida, operating under unregistered pen name "M.K. Radican" (Fla. Stat. § 865.09), alongside alter ego Defendant Code Pineapple LLC ("Code Pineapple"), a Florida LLC. Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") are Delaware entities conducting continuous business in Florida. Pursuant to Fed. R. Civ. P. 10(c), all Emergency Exhibits (Exhibits 1–18) are incorporated herein by reference.

2. Personal Jurisdiction & Venue: Defendant MARINA J. BOWMAN d/b/a M.K. RADICAN ("BOWMAN") is a Florida resident operating under the unregistered fictitious name "M.K. Radican" in violation of Fla. Stat. § 865.09, directing tortious commercial acts into and throughout this District together with her alter ego Defendant CODE PINEAPPLE LLC ("CODE PINEAPPLE"), a Florida Limited Liability Company with its registered office in Pinellas County, Florida, conducting commercial activities and distributing infringing products into this

District. Defendants AMAZON.COM, INC. (corporate infrastructure, database/API maintenance) and AMAZON.COM SERVICES LLC (retail publishing, fulfillment, royalty operations) are collectively, jointly, and severally referred to herein as "AMAZON", except where specific reference to corporate infrastructure (AMAZON.COM, INC.) or retail service operations (AMAZON.COM SERVICES LLC) is required; both of which are Delaware entities doing continuous, systematic business in Florida. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because Plaintiff (the sole owner of the trademarks, copyrights, and websites) resides in this District, and the core injuries, market dilution, search footprint hijacking, and tortious acts accrue here. Little Ray Children's Books, Inc. holds no title or ownership in Plaintiff's intellectual property. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff incorporates all Emergency Exhibits (Exhibits 1 Group through 18 Group) into this Consolidated Complaint by reference, unifying the record while eliminating duplicate filings.

## II. FACTUAL ALLEGATIONS

### A. Trademark Ownership and Brand Architecture

3. Plaintiff Terry Verduin is the sole owner and federal trademark registrant of the marks GOOPY GHOST® (USPTO Reg. No. 4,018,083, active status, common law priority dating back to 2011) and V. R. DUIN® (USPTO Reg. No. 7,103,418, active status, with historical progression from V.R. Duin to V. R. Duin) (Exhibit

1/A–1/D). Plaintiff owns domains held via GoDaddy, demonstrating continuous ownership and active brand maintenance (Exhibit 1/E–1/F).

4. Plaintiff granted a non-exclusive distribution license to non-party Little Ray Children's Books, Inc. (Exhibit 8/A), retaining full ownership and enforcement rights (Exhibit 8/D).

5. Plaintiff executed and made factual representations for the federal vendor application that must be upheld for ongoing operations of the nonprofit licensee under Unique Entity ID (UEI) DE7KHS61EVE5 (Exhibit 9/B).

6. Amazon's listing manipulations interfered with Plaintiff's transition to sole-source distribution; scraping Plaintiff's offerings ("Coins for Curiosity", "Literacy to Advocacy") and diluting brand distinctiveness (Exhibits 9/C–9/E, 10/A–10/E).

B. Account Termination and Retaliatory Metadata Exploitation

7. AMAZON.COM SERVICES LLC's control and display of Plaintiff's legacy catalog post-account closure—including detail pages for "The Goopy Ghost at Christmas" and "The Amazing Flight of Little Ray"—create false listings that contradict Plaintiff's sole-source representations. Database searches Plaintiff conducted on February 20, 2026, confirmed zero active inventory and zero purchasable copies of "The Goopy Ghost at Christmas" (Exhibit 9/H). "The Amazing Flight of Little Ray" also showed none (Exhibit 9/G). As acknowledged

by KDP Executive Customer Relations, listings exist on Amazon without actual inventory (Exhibit 5/C–5/D).

8. Because AMAZON's indexing creates downstream catalog pollution, Bulk Books displayed empty placeholders for Plaintiff's Goopy Ghost® series adjacent to BOWMAN's infringing book (Exhibit 3/E). Both AMAZON entities engaged in concerted action to maintain, monetize, and display the infringing listings as a traffic funnel, diverting consumers from Plaintiff's registered marks to unauthorized or competing products (Exhibit 3/A–3/F).

9. Plaintiff actively generated and redirected consumer traffic to AMAZON's platform from Plaintiff's proprietary website (`vrduin.com`) (Exhibit 17/A), and subsequently from the custom platform designed for Plaintiff's nonprofit entity (`littleraychildrensbooks.org`), until it suffered operational collapse due to persistent, AMAZON-related bot activity (Exhibit 17/C–17/F). Despite extensive outreach and traffic sent to AMAZON's product pages, official royalty payouts remained stagnant, and the Author's identity was split three ways (V. R. Duin, V.R. Duin, V. Duin) (Exhibit 6/A–6/C). Plaintiff revoked AMAZON's distribution channels and brought fulfillment and sales in-house to protect commercial viability (Exhibit 4/E–4/F).

10. Demonstrating AMAZON's role as an unmonitored information gatekeeper, Plaintiff presented a book for review by Kirkus. The initial draft generated by Kirkus contained AMAZON's outdated metadata (July 17, 2025) rather than the accurate second-edition information provided directly by Plaintiff (Exhibit 9/A).

11. Upon information and belief, AMAZON.COM SERVICES LLC's marketplace architecture routes legacy KDP book volume into third-party reseller buy-boxes, bypassing full accounting and favoring third-party sellers and junior authors over a federally registered trademark holder (Exhibit 7/C, Exhibit 18/B).

12. Following Amazon's platform migrations (BookSurge to CreateSpace/KDP), Amazon imposed systematic backlisting and royalty shortfalls (Exhibits 4/A, 6/E).

I13. Direct test purchases conducted by Plaintiff and indirect purchases made on her behalf resulted in zero royalty reporting, prompting Plaintiff to cease submitting new titles to Amazon (Exhibit 6/E, Exhibit 18/A–18/B).

14. In response to pricing adjustments, Amazon retaliated by disabling The Goopy Ghost at St. Patrick's Day with pricing at $10.95. Plaintiff formally closed her KDP account on June 26, 2025 (confirmed June 28, 2025; Exhibit 5/A).

15. Plaintiff initiated account closure on or about June 26, 2025, which was confirmed by AMAZON on June 28, 2025 (Exhibit 5/A).

16. Plaintiff is informed, believes, and thereon alleges that AMAZON.COM SERVICES LLC printed or facilitated an unauthorized run of approximately

eleven (11) legacy copies of "The Amazing Flight of Little Ray" following account unpublishing on October 6, 2023 (Exhibit 4/B), with downstream sellers displaying no available inventory.

17. Plaintiff is informed, believes, and therefore alleges that AMAZON.COM SERVICES LLC maintains zero legitimate inventory for 'The Goopy Ghost at Christmas'. On March 1, 2026, downstream seller Bulk Books displayed zero inventory for any of Plaintiff's Goopy Ghost titles, displaying only the infringing BOWMAN title in Plaintiff's product slot (Exhibit 3/E).

18. In February 2026, Plaintiff issued formal cease-and-desist notices to AMAZON (Exhibit 4/C–4/H), revoking all licenses post-2025 due to channeling inventory into secondary "used" buy-boxes, disabled review functions, payment allowances, and name splitting (V. R. Duin, V.R. Duin, V. Duin) (Exhibit 6/A–6/C). Following account closure, Plaintiff observed overstock inventory reclassified from new to "used" status without authorization (Exhibit 18/B).

19. Expanded Distribution (EDC) benefits secondary distributors and third-party sellers who scrape Amazon listings, post titles under seller accounts, leverage wholesale pricing to capture margins, and strip author unit sales and royalties.

20. On December 30, 2025, Plaintiff's formal Notice of Revocation of License to Host Copyrighted Metadata was delivered to David Zapolsky, Senior Vice President, Chief Global Affairs & Legal Officer (Exhibit 4/E).

21. On February 10, 2026, Plaintiff served AMAZON.COM, INC. with formal notice of Revocation of License and Trademark Dispute (Exhibit 4/F).

22. Service to AMAZON.COM, INC. resulted in the removal by AMAZON.COM SERVICES LLC of “The Foxy Armadillos”, “The Goopy Ghost of Halloween”, “The Goopy Ghost at Thanksgiving,” and “The Goopy Ghost at Valentine’s Day” listings, for which no inventory existed, confirming that both AMAZON Defendants received actual notice and acted in concert.

23. On February 13, 2026, AMAZON replied via Tara Lewis that 'The Amazing Flight of Little Ray' and 'The Goopy Ghost at Christmas' detail pages and Author pages cannot be removed (Exhibit 5/C–5/D).

24. AMAZON retains author profiles to monetize "used" book channels, while secondary scrapers exploit these unpurged listings.

25. Plaintiff replied to Tara Lewis on February 16, 2026, submitting formal Notice of Systemic Fraud and Trademark Infringement (Exhibit 4/H).

26. On March 3, 2026, Plaintiff served Defendant AMAZON.COM, INC. with notice of Conversion of Nonprofit Assets (Exhibit 4/G).

27. On April 10, 2026, Plaintiff served AMAZON.COM, INC. a Final Demand for System API Purge and Cessation of Trademark Conversion, requesting administrative filters, preservation of API streams, removal of BOWMAN’s

infringing book, deletion of hardwired phantom storefronts, and takedown of an unauthorized Russian eBook listing (Exhibit 4/C, Exhibit 4/H).

28. Following notice, the unauthorized Russian eBook listing was removed by AMAZON (Exhibit 3/B–3/C).

29. On October 1, 2026, AMAZON responded by referring Plaintiff to its internal Brand Registry portals (Exhibit 5/G), confirming that Plaintiff exhausted all administrative remedies offered by Defendant.

30. Despite account termination and revocation of all distribution licenses post-2025, AMAZON exploited consumer demand by attaching its retail platform to Plaintiff's intellectual property without consent or compensation. (EXHIBIT 2/A-2/H) TV

31. AMAZON manipulates its global platform and Plaintiff's profile; titles designated as Plaintiff's "most popular" are listed at inflated, non-market prices ($496.01 to $682.40) (Exhibit 7/B–7/D). Amazon updated Plaintiff's profile to suppress her catalog to "two titles" (Exhibit 7/A–7/B), creating consumer confusion and falsely implying Plaintiff's brand is price-gouging. Defendants AMAZON hijack Plaintiff's organic traffic to steer audiences to competing sellers. AMAZON.COM SERVICES LLC committed the contractual breaches, reporting failures, and profile disparagement. AMAZON.COM, INC. contributed to trademark conversion, contributory infringement, API metadata corruption, and server trespass despite holding no direct license.

32. AMAZON does not purge corrupted metadata. A Middle English duplicate of Plaintiff's title regenerates as a smudge across international storefronts (Exhibit 16/A), demonstrating hard-wired system logic.

33. Temporal backdating (publication dates of 1608, 1614, 1764) continuously resurfaces across AMAZON's network (Exhibit 11/D, Exhibit 16/B).

34. Because AMAZON.COM, INC. uses an application programming interface (API) that regenerates suppressed historical files, absent a judicial order forcing a technical database purge, Plaintiff faces continuous, irreparable harm.

35. Listings on AMAZON's platform do not represent legitimate sales under the First Sale Doctrine, as Amazon does not accept used books for resale.

C. Bowman / Code Pineapple Contributory Infringement

36. In February 2026, Plaintiff discovered Defendant BOWMAN operating under an unregistered pen name (M.K. Radican) and Defendant CODE PINEAPPLE publishing, marketing, and distributing a competing children's title, 'Zombie Reconstruction Squad - Book 1: The Goopy Ghosts,' occupying Plaintiff's registered Goopy Ghost® slot (Exhibit 3/E–3/F).

37. BOWMAN's titling '...The Goopy Ghosts' infringes Plaintiff's registered trademark (USPTO Reg. No. 4,018,083), creating source confusion, market dilution, and brand tarnishing by associating Plaintiff's mark with grotesque content (Exhibit 3/F).

38. BOWMAN and CODE PINEAPPLE have documented notice and knowledge of the infringement (Exhibit 4/D).

39. AMAZON.COM, INC. maintains administrative mechanisms capable of purging BOWMAN's unauthorized listing (including ASIN codes) from its storefronts without requiring Plaintiff to enroll in its Brand Registry.

40. AMAZON, despite formal written notice of collateral infringement (Exhibit 4/G–4/H), refused to remove the infringing listing, demonstrating bad faith.

D. Metadata Scraping, Non-Titles, and Digital Siege

41. AMAZON altered Plaintiff's registered pen name from 'V.R. Duin' to truncated form 'V. Duin' for three unpublished illustrated books (Exhibit 6/D). After notice, AMAZON orphaned these titles.

42. On or about February 22, 2026, Plaintiff was blocked from ordering copies of the softcover 'The Amazing Flight of Little Ray, 2nd Edition' unless distribution was enabled, forcing Plaintiff to withhold the book to prevent unauthorized Amazon ingestion.

43. AMAZON exploited Plaintiff's GOOPY GHOST® mark by scraping Plaintiff's private web architecture to generate, index, and market 'phantom' titles ('Goopy Ghost at the North Pole', 'Goopy Ghost in the School') without inventory, compensation, or consent (Exhibit 13/A–13/E).

44. Defendant AMAZON displays unauthorized search index entries for Plaintiff's independent works—including "Raccoons Save the Day", "Oh, Wishing Star", "A Cool Mule for Sara", "Turtle Scare", and "The Vane that Flew in Vain"—which were NEVER released to AMAZON (Exhibit 12/A–12/E). Lanham Act § 43(a) prohibits using distinctive titles with market recognition (such as 69,000 video views for "Raccoons Save the Day") to drive traffic to unrelated listings.

45. Defendant AMAZON's unauthorized metadata scraping extends to Plaintiff's visual media assets, including 'Goopy Winterween', 'Enchanted Birthday Party', and 'Amazing Flight 3' (Exhibit 15/A–15/E).

46. AMAZON.COM, INC. hard-wired Plaintiff's registered trademark GOOPY GHOST® into search infrastructure to create 'phantom store' routing logic, synthesizing future and non-existent titles as search bait to capture traffic for AMAZON.COM SERVICES LLC's engine.

47. AMAZON.COM, INC.'s failure to purge its API/catalog drives automated bot traffic in a digital siege against Plaintiff's independent websites (Exhibit 17/C–17/G), causing digital trespass (AWS IP 34.219.75.118 probes), severe operational disruption, resource exhaustion, and over 800 hours of forced cybersecurity and website reconstruction work (Exhibit 17/C).

48. When renewing trademarks, Plaintiff has a statutory duty to affirm strict control over the nature and quality of goods sold. AMAZON's metadata corruption

deprives Plaintiff of quality control, causing ongoing, irreparable harm that monetary damages alone cannot remedy.

49. After account closure and revocation of licenses post-2025, AMAZON induced Plaintiff to submit her marks to its Brand Registry (Exhibit 5/G). Both Defendants jointly manage the retail catalog and API infrastructure. These solicitations demonstrate AMAZON's knowledge of Plaintiff's sole ownership and reflect reckless disregard for post-agreement, noncontractual violations.

50. AMAZON.COM, INC. and AMAZON.COM SERVICES LLC possessed actual, documented knowledge of the infringements, metadata manipulation, and genericizing via multiple formal notices (Exhibit 4/C–4/H), demonstrating willful intent and reckless disregard.

51. AMAZON.COM, INC. and AMAZON.COM SERVICES LLC are publishing false and disparaging information about Plaintiff's person and work, preventing an exit, and enriching themselves through cross-selling at her expense.

E. Emergency Circumstances and Irreparable Harm

52. Contemporaneously with this Complaint, Plaintiff has filed an Emergency Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 65 and M.D. Fla. Local Rule 3.01(e).

53. Immediate judicial intervention is required because Defendants' ongoing, collaborative conversion of Plaintiff's registered marks (GOOPY GHOST®, V.R.

DUIN®) inflicts daily, irreparable harm upon Plaintiff's brand distinctiveness, goodwill, and operations that monetary damages alone cannot compensate.

54. Under the Trademark Modernization Act of 2020 (15 U.S.C. § 1116(a)), Plaintiff is entitled to a statutory presumption of irreparable harm upon establishing a prima facie case of trademark infringement and false designation of origin.

## III. CAUSES OF ACTION

### COUNT I: Direct Trademark Infringement and Unfair Competition

(15 U.S.C. § 1125(a) / Lanham Act § 43(a))

(Against Defendants BOWMAN and CODE PINEAPPLE)

55. Plaintiff realleges and incorporates Paragraphs 1 through 54 as if fully set forth.

56. BOWMAN and CODE PINEAPPLE engaged in unauthorized commercial use, trademark infringement, and unfair competition by publishing, marketing, and distributing infringing content using Plaintiff's registered GOOPY GHOST® trademark (USPTO Reg. No. 4,018,083), creating consumer confusion and falsely implying an affiliation, connection, or association with Plaintiff in violation of 15 U.S.C. § 1125(a) (Exhibit 3/A–3/F).

### COUNT II: Contributory Trademark Infringement

(15 U.S.C. § 1114 & § 1125(a) / Lanham Act §§ 32, 43(a))

(Against Defendants AMAZON.COM, INC. and AMAZON.COM SERVICES LLC, jointly and severally)

57. Plaintiff realleges and incorporates Paragraphs 1 through 54 as if fully set forth.

58. AMAZON is contributorily liable because it supplied its digital marketplace platform, search indexing logic, and distribution pipeline to the infringing listings after receiving actual, formal written notice of the infringement (Exhibit 4/C–4/H), and altered Plaintiff's profile to facilitate its own infringements (Exhibit 7/A–7/B).

59. AMAZON maintained and promoted BOWMAN's infringing titles and metadata under the "...The Goopy Ghosts", despite direct knowledge of the infringement and the operational ability to purge the offending content under its own Terms and Conditions (Exhibit 3/A–3/F, Exhibit 5/G).

COUNT III: Declaratory Relief — Substantive Unconscionability & Contract Nullification

(28 U.S.C. §§ 2201, 2202)

(Against Defendants AMAZON.COM SERVICES LLC and AMAZON.COM, INC.)

60. Plaintiff realleges and incorporates Paragraphs 1 through 54 as if fully set forth.

61. An actual, justiciable controversy exists between Plaintiff and Defendants concerning whether any historical publishing agreement between Plaintiff and AMAZON.COM SERVICES LLC is substantively unconscionable, breached, and void ab initio, and whether Defendants hold any post-termination license to retain, scrape, or display Plaintiff's intellectual property.

62. No reasonable person or author could have bargained for or anticipated an agreement allowing AMAZON.COM, INC. to scrape, manipulate, corrupt, and distribute trademark-protected titles or content never published on their platform, exploiting a creator's name and life work in perpetuity without exit. Plaintiff is entitled to a judicial declaration that all contracts are null and void ab initio and that all implied licenses are extinguished.

COUNT IV: Florida Deceptive and Unfair Trade Practices Act (FDUTPA)

(Fla. Stat. § 501.201 et seq. & Fla. Stat. § 495.151)

(Against All Defendants)

63. Plaintiff realleges and incorporates Paragraphs 1 through 54 as if fully set forth.

64. By displaying false pricing ($496.01+), falsely suppressing Plaintiff's Author Page to "two titles" (Exhibit 7/B), stripping author attributions, routing buy-boxes, and charity washing unauthorized listings (Exhibit 7/G), AMAZON.COM SERVICES LLC engages in deceptive trade practices that mislead consumers.

65. By scraping Plaintiff's titles and marks to drive ad revenue, AMAZON.COM, INC. and AMAZON.COM SERVICES LLC demonstrate willful piracy, causing injury to Plaintiff's business reputation and diluting the distinctive quality of Plaintiff's marks under Fla. Stat. § 495.151.

66. AMAZON.COM SERVICES LLC promotes unauthorized and repugnant listings under Plaintiff's marks that are repugnant to Plaintiff's established brand in commercial concert with BOWMAN and CODE PINEAPPLE (Exhibit 3/F).

COUNT V: Non-Compliance with Florida Fictitious Name Act

(Fla. Stat. § 865.09)

(Against Defendant BOWMAN)

67. Plaintiff realleges and incorporates Paragraphs 1 through 3, 36–40, and 52–54 of this Complaint as if fully set forth.

68. Defendant BOWMAN's commercial use of an unregistered pen name ("M.K. Radican") or unregistered business entity on AMAZON violates Fla. Stat. § 865.09, barring Defendant from maintaining actions or defending claims arising from commercial transactions under said name until compliant.

COUNT VI: Common Law Accounting

(Against Defendant AMAZON.COM SERVICES LLC)

69. Plaintiff realleges and incorporates Paragraphs 1 through 54 as if fully set forth.

70. Before account closure and license revocation in 2025, Defendant exercised exclusive administrative control over printing, fulfillment, buy-box allocations, and royalty accounting for Plaintiff's registered works.

71. Defendant engaged in arbitrary allowance structures, forced "used" reclassifications of new inventory (Exhibit 18/B), and unauthorized secondary

distribution without transparent per-sale reporting, creating an information asymmetry that cannot be resolved through standard damages calculations alone.

72. If physical stock sold on Amazon represents new inventory while Plaintiff holds exclusive print rights, that stock represents either unaccounted-for print overruns or unauthorized reprinting.

73. A fiduciary or quasi-fiduciary relationship existed regarding the handling and accounting of proceeds generated from Plaintiff's titles; alternatively, Defendant's reporting breaches caused direct financial injury to Plaintiff.

74. Plaintiff is entitled to a full judicial accounting of all gross revenues, ad conversions, inventory overruns, and unremitted yields derived from Plaintiff's legacy titles, independent titles, scraped titles, and "phantom" listings across Defendant's platform and expanded distribution pipelines.

COUNT VII: Common Law Defamation, False Attribution, and Misappropriation of Name/Likeness

(Fla. Stat. § 540.08 & Florida Common Law)

(Against Defendant AMAZON.COM SERVICES LLC)

75. Plaintiff realleges and incorporates Paragraphs 1 through 54 as if fully set forth.

76. AMAZON.COM SERVICES LLC altered public Author Biography pages ("two titles", inflated prices) (Exhibit 7/B), truncated pen names ("V. Duin"), orphaned titles, and corrupted metadata ("Author Unknown", false publication

dates (Exhibit 11/D, Exhibit 16/B), harming Plaintiff's common law business reputation and goodwill.

77. Defendant misleads consumers into believing Plaintiff's catalog is out-of-print, defective, unreasonably priced, or tied to unassociated commercial products, disparaging Plaintiff's reputation as a children's author.

78. Defendant knowingly, and without consent or compensation, uses Plaintiff's name, pen name, and professional persona as a "sponsored" search anchor to capture traffic and drive users to competitors (Exhibit 7/B, Exhibit 7/E–7/F).

79. Defendant's commercial exploitation of Plaintiff's identity violates Florida Common Law and Fla. Stat. § 540.08, entitling Plaintiff to injunctive relief, statutory damages, and actual damages.

COUNT VIII: Common Law Infrastructural Trespass to Chattels, Unfair Competition & Conversion

(Against Defendant AMAZON.COM, INC.)

80. Plaintiff realleges and incorporates Paragraphs 1 through 54 as if fully set forth.

81. AMAZON.COM, INC.'s automated crawler hits (including AWS IP 34.219.75.118 probes targeting Plaintiff's private server directories) constitute unauthorized digital trespass and computer intrusion (Exhibit 17/C, Exhibit 17/G).

82. Defendant operates automated indexing mechanisms that scrape and retain Plaintiff's private web directory architecture, titles, program designations, and

unpublished projects (Exhibit 2/C–2/D, Exhibit 10/A–10/E). Defendant hard-wires scraped entries into its search engine and API infrastructure, using Plaintiff's registered marks as sponsored search bait. Defendant's unauthorized creation and retention of "phantom" catalog listings constitutes direct conversion and misappropriation of Plaintiff's commercial assets under common law.

IV. NOTICE AND PRE-SUIT FEASIBILITY

83. Plaintiff maintains a clear evidentiary trail establishing actual written notice and Defendants' refusal to act:

84. Amazon received actual written notice via USPS/UPS on Sept 23, 2026, Feb 10, 2026, and Mar 3, 2026 (Exhibits 4/C, 4/F–4/G), following extensive written demands between Dec 2023 and Oct 2026 (Exhibits 4/A–4/H, 5/A–5/G). Rather than sanitize its systems, Defendants directed Plaintiff to submit to its Brand Registry portal (Exhibit 5/G), confirming shared knowledge and joint maintenance of infringing metadata. Plaintiff also delivered desist notices to MARINA J. BOWMAN d/b/a "M.K. RADICAN" and CODE PINEAPPLE LLC on September 30, 2026 (Exhibit 4/D), without response.

85. While third-party sellers complied with takedown requests, confirming feasibility, AMAZON.COM SERVICES LLC refused to sanitize its catalog.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff TERRY VERDUIN respectfully requests that this Court enter judgment in her favor against Defendants, jointly and severally, and grant the following relief:

86. Enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that all publishing agreements between Plaintiff and AMAZON.COM SERVICES LLC are null and void ab initio due to substantive unconscionability and material breach, establishing that any implied or post-termination license Defendants claim over Plaintiff's intellectual property is extinguished;

87. Enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that AMAZON.COM SERVICES LLC and AMAZON.COM, INC.'s platform architecture degrades brand equity, strips control of independent intellectual property, and violates Plaintiff's exclusive rights under the Lanham Act;

88. Enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that Plaintiff is the sole authorized publisher and distributor of works bearing her registered marks, titles, and program designations;

89. Enter Emergency, Preliminary, and Permanent Injunctions pursuant to 15 U.S.C. § 1116(a) and Fed. R. Civ. P. 65 enjoining Defendant AMAZON.COM SERVICES LLC, its officers, agents, and affiliates from displaying, selling, indexing, or utilizing USPTO Reg. No. 4,018,083 (GOOPY GHOST®) or any

colorable imitations in connection with "Zombie Reconstruction Squad - Book 1: The Goopy Ghosts" or any unrelated listings;

90. Enter a Mandatory Preliminary and Permanent Injunction commanding AMAZON.COM, INC. and AMAZON.COM SERVICES LLC, together with their parents, subsidiaries (including Goodreads, Inc.), affiliates, officers, agents, and API syndication networks (including expanded distribution channels), to completely purge, de-index, and delete all legacy ASIN placeholders, author profile pages (Terry Verduin, V. R. Duin, V.R. Duin, V. Duin), corrupted metadata tags, improper listings, and API search keywords linking Plaintiff's marks and independent works to third-party items, applying a strict "404 / No Cross-Selling" requirement across all global storefronts;

91. Enter a Mandatory Injunction commanding AMAZON.COM, INC. to implement an automated platform registry block that suppresses and rejects any newly generated listing, scraper attempt, or reseller entry containing Plaintiff's registered marks, pen names, or title designations without express written consent;

92. Enter an Order for impoundment and seizure of all physical inventory bearing Plaintiff's marks in Defendants' possession, custody, or control—specifically including remaining copies of "The Goopy Ghost at Christmas" and "The Amazing Flight of Little Ray"—along with master files or digital assets used to reproduce them, to be held in fulfillment centers until final disposition of this action;

93. Order Defendant AMAZON.COM SERVICES LLC to render a full judicial accounting of all gross revenues, ad conversions, inventory overruns, and unremitted royalties derived from unauthorized listings, secondary distribution, and third-party sales involving Plaintiff's registered marks and pen name permutations (Terry Verduin, V. R. Duin, V.R. Duin, V. Duin);

94. Award Plaintiff actual, statutory, and enhanced treble damages pursuant to 15 U.S.C. § 1117 for willful trademark infringement, unfair competition, and commercial conversion, structured as follows: a. Disgorgement of all profits and commercial advantages derived by Defendants from the unauthorized use, indexing, and routing of Plaintiff's marks, enhanced up to treble damages pursuant to 15 U.S.C. § 1117(a); b. Recovery of direct financial out-of-pocket losses, remediation expenses ($224,850 out-of-pocket / $294,450 total economic loss), and brand restoration costs; and c. Pre-judgment interest, post-judgment interest, and costs of this suit; and

95. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

TERRY VERDUIN, Pro Se
22 Selah Lane, Ponte Vedra FL 32081
561-718-3015
vrduin1@gmail.com

All Defendants are being served via certified mail / process server simultaneously upon filing.

Served to:
1. Amazon.com Services LLC
c/o Corporation Service Company (Registered Agent)
1201 Hays Street
Tallahassee, FL 32301

2. Amazon.com, Inc.
c/o Corporation Service Company (Registered Agent)
300 Deschutes Way SW, Suite 208 MC-CSC1
Tumwater, WA 98501

3. Code Pineapple LLC
c/o Registered Agents Inc. (Registered Agent)
7901 4th St. N, Ste 300
St. Petersburg, FL 33702

4. Marina J. Bowman, individually and d/b/a M.K. Radican
c/o Registered Agents Inc. (Registered Agent)
7901 4th St. N, Ste 300
St. Petersburg, FL 33702
[If Marina J. Bowman's address at Code Pineapple, LLC is concealed, proceed with Substitute Service via the Florida Secretary of State, Division of Corporations, R.A. Gray Building, Tallahassee, FL 32399]

Signed on: November 5, 2026 By:

______________________________
Terry Verduin, Pro Se Plaintiff,
Author and Trademark Owner

VERIFICATION / DECLARATION

I, Terry Verduin, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am the Plaintiff in the above-styled action, that I have read the foregoing Consolidated Complaint, and

that the factual allegations contained therein are true and correct to the best of my personal knowledge, information, and belief.

Executed on this 5th day of November, 2026.

By: ______________________________

Terry Verduin, Pro Se Plaintiff,
Author and Trademark Owner